IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 2:16cr16 |
| | ) | |
| v. | ) | |
| | ) | |
| NORMAN PRESTON STEPHENSON, | ) | |
| | ) | |
| Defendant. | ) | |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, Andrew Bosse and Joseph E. DePadilla, Assistant United States Attorneys, and John F. Butler, Special Assistant United States Attorney, hereby submits its position with respect to the defendant's sentencing factors. In the Presentence Investigation Report (PSR) prepared in this matter, the United States Probation Office determined the applicable guidelines range to be a term of 262 to 327 months' imprisonment on Count 1, which carries a mandatory minimum term of 240 months. After determining that the defendant qualified as a career offender, the Probation Office calculated a Total Offense Level of 34 and a Criminal History Category of VI. In accordance with Section 6A1.2 of the Sentencing Guidelines Manual and this Court's policy regarding sentencing, the United States represents that it has reviewed the PSR and consulted with the Probation Office and defense counsel. The government does not dispute any of the sentencing factors set forth in the PSR or the guidelines range calculation.

By counsel, the defendant has objected to the PSR's inclusion of a gang affiliation for the defendant's membership in the "Corna Sto Boys." As explained further in Section III below, the

government does not oppose the objection, the resolution of which will not affect the guidelines range.

For the reasons outlined below, the United States respectfully submits that a sentence towards the middle of the guidelines range is appropriate in this case and would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

**I.     Motion**

The United States moves this Court, pursuant to U.S.S.G. § 3E1.1(b) and based upon the terms of the binding plea agreement in this case, to grant a one-level reduction in the defendant's offense level for acceptance of responsibility.  The defendant timely notified the United States of his intention to enter a plea of guilty, thereby allowing the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.

**II.    Background**

On December 16, 2015, the defendant was named in a criminal complaint charging him with distributing crack cocaine.  Docket Nos. 1, 4-5.  State charges for related crimes were dismissed by *nolle prosequi*.  On February 3, 2016, the defendant pleaded guilty to a one-count Criminal Information charging him with conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute 280 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).  Docket Nos. 17, 19-23.  The government had previously filed notice of one prior drug felony, pursuant to 21 U.S.C. § 851, which increased the mandatory minimum sentence for the charge of conviction to 20 years.  Docket No. 18.  The defendant is scheduled to appear before this Court for sentencing at 11:00 a.m. on Thursday, June 16, 2016.

### III.   Outstanding Objection – Gang Affiliation

The defendant objects to the PSR's attribution of a gang affiliation. *See* PSR at 2 (noting gang affiliation with the "Corna Sto Boys"). The Corna Sto Boys comprises a group of individuals who grew up in the same neighborhood in Portsmouth, Virginia; members of the group, including the defendant, regularly sold crack cocaine on Fillmore Street, across from Brighton Elementary School. *See* Docket No. 22, Statement of Facts, at ¶ 2. The group used lookouts to warn of any police activity near their "corner" and used a rented house at the intersection of Elm Avenue and Fillmore Street to prepare and sell drugs. *Id.* at ¶ 3. Members of the group, including the defendant, have done violence in Portsmouth. This defendant is one of five individuals affiliated with the Corna Sto Boys who were charged with drug offenses in this Court in 2016. *See* Crim. Case Nos. 2:16cr3; 2:16cr5; 2:16cr18; 2:16cr19.

In a previous federal case against a different member of the Corna Sto Boys—who has since been released from custody and is now facing new murder charges in Portsmouth—an agent witness testified at sentencing that the Corna Sto Boys were not a gang and were not affiliated with a national gang, but were instead a collective of friends who dealt drugs from the same area. The Court agreed that the group was not a gang. *Cf.* Crim. Case No. 2:07cr113, Minute Entry for 1/7/2008. In light of that finding, and without conceding that the Corna Sto Boys would not qualify as a gang in other cases or in light of other evidence than is available here, the government will not contest the defendant's objection.

### IV.   Position on Sentencing and Argument

"[I]n imposing a sentence after *Booker*, the district court must engage in a multi-step process. First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006).

"Next, the court must 'determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'" *Id.* (quoting *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006)). In making this determination,

> a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (quoting 18 U.S.C. § 3553(a)).

    A)    <u>Nature and Circumstances of the Offense</u>

The nature and circumstances of the offense are serious and disheartening. The defendant has multiple prior felonies and jail terms for drug dealing. His last term of incarceration ended in December 2014. The defendant almost immediately returned to the streets to continue selling crack cocaine—from the same location he was previously convicted of using, across the street from a public elementary school. He did so until the date of his arrest in October 2015, having sold approximately one and a half kilograms of that destructive drug before he was jailed again. *See* PSR ¶ 26.

The circumstances that led to the defendant's arrest are horrific. A pregnant woman addicted to crack cocaine stole part of the defendant's "stash." The defendant tracked her down and viciously beat her, breaking several bones in her face. She suffered a miscarriage later the same day. That was not the only violent act the defendant committed in the months he was free. The defendant used violence as a tool of his trade. He assaulted other drug customers who were

"bringing attention to his corner." He also kept a gun near his "spot" across from Brighton Elementary School for his use and for the use of other members of the Corna Sto Boys.

The defendant knew, from multiple prior arrests and convictions, what the consequences of drug dealing were. He saw his father locked up for the same crime, and experienced in his own life the toll that adults' drug use takes on young children. Nonetheless, at every opportunity the defendant has returned to the streets to continue selling drugs. Multiple convictions and sentences have not deterred him from the life of crime he began when barely a teenager.

   B)  <u>History and Characteristics of the Defendant</u>

The defendant grew up in a household marred by drug use, drug distribution, incarceration and abuse. PSR ¶ 87. Unfortunately, the defendant began to replicate, starting at an early age, each of those aspects of his young home life. His criminal record is atrocious. By virtue of his status as a career offender, he has a Criminal History Category of VI and a Total Offense Level of 34. But the defendant's record is such that the career offender designation did almost nothing to increase his guidelines range. Without that designation, the defendant's offense level would drop by a single point. His Criminal History Category would not change.

The defendant was first convicted, in juvenile court, of possessing with intent to distribute cocaine when he was 13 years old. PSR ¶ 40. Just months later, he was convicted, again in juvenile court, of shooting someone in the back. PSR ¶ 41. At age 14, he received his second cocaine conviction. PSR ¶ 43. His adult criminal record shows a singleminded focus in following the same path. In January 2000, at age 19, the defendant was convicted of possessing crack cocaine. PSR ¶ 50. Several months later, he was convicted of possessing with intent to distribute crack cocaine during a separate incident. PSR ¶ 53. While in prison on that conviction, the defendant incurred 17 disciplinary actions, which are detailed in the PSR. *Id.*

The same year, he was convicted of a hit and run. PSR ¶ 52. In 2004, less than a year after release from prison, the defendant was convicted of criminal domestic violence, for threatening, in the hospital, the woman who had just given birth to his child. PSR ¶ 56. He was charged with but not convicted of possessing cocaine the next year. PSR ¶ 59. The year after that, when he was 24, the defendant was convicted of selling crack cocaine near Brighton Elementary School. PSR ¶ 60. While in state prison after that conviction, the defendant incurred 83 separate disciplinary actions for offenses that ran the gamut of prison infractions. These culminated in a new conviction, in 2007, for assault and battery of a law enforcement officer. PSR ¶ 62. The defendant was charged with but not convicted of a number of other crimes, including abduction, carjacking, use of a firearm, eluding police, assault and battery, and numerous other drug crimes. PSR ¶¶ 70-85. He finished his prison term in December 2014, after which he almost immediately engaged in the instant conspiracy.

   The defendant's record is unusual in its length and density. To say that he has a problem with conforming his behavior to the law or meeting the baseline expectations of civil society would be an understatement. He has committed most of his offenses while under court supervision or while incarcerated. Aspects of his behavior suggest significant institutionalization. *See* PSR ¶ 94. The defendant's record gives no indication that he will stop committing crimes. If nothing else, the significant sentence warranted in this case will prevent the defendant from selling drugs or doing any more violence to members of the public while he is in prison.

      C)      <u>Other Factors to be Considered Under 18 U.S.C. § 3553(a)</u>

Among the other factors a sentencing court is to consider under Section 3553(a), the United States would highlight the need for the sentence imposed in this case to reflect the seriousness of the defendant's offense, including the violence detailed in the Statement of Facts, to afford adequate specific deterrence to future criminal conduct, and to promote respect for the law.

**V.**      <u>**Conclusion**</u>

Taking all the Section 3553(a) factors into account, the government respectfully submits that a sentence towards the middle of the guidelines range is appropriate and not greater than necessary.

          Respectfully submitted,

          Dana J. Boente
          United States Attorney

By:      /s/
          Andrew Bosse
          Joseph E. DePadilla
          Assistant United States Attorneys
          John F. Butler
          Special Assistant United States Attorney
          Attorneys for the United States
          United States Attorney's Office
          101 West Main Street, Suite 8000
          Norfolk, VA 23510
          Office Number: 757-441-6331
          Facsimile Number: 757-441-6689
          andrew.bosse@usdoj.gov
          joe.depadilla@usdoj.gov
          john.f.butler@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of June, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record, including:

>Kirsten R. Kmet, Esq.
>Office of the Federal Public Defender
>150 Boush Street, Suite 403
>Norfolk, Virginia 23510
>Office Number: 757-457-0800
>
>*Attorney for Defendant Norman Stephenson*

I HEREBY CERTIFY that on this 9th day of June, 2016, I sent by electronic mail a true and correct copy of the foregoing to the following:

>Karen R. Franklin
>U.S. Probation Officer
>827 Diligence Drive, Suite 210
>Newport News, Virginia 23606

>/s/
>Andrew Bosse
>Assistant United States Attorney
>Attorney for the United States
>United States Attorney's Office
>101 West Main Street, Suite 8000
>Norfolk, VA 23510
>Office Number: 757-441-6331
>Facsimile Number: 757-441-6689
>andrew.bosse@usdoj.gov